United States District Court
For the Northern District of California

1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT
7
8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10  JIMMY MEJIA,                                   No. C 06-04097 WHA
11            Petitioner,
12     v.                                          **ORDER TO SHOW CAUSE**
13  ANTHONY KANE, Acting Warden,
    Correctional Training Facility, Soledad,
14
15            Respondent.
                                              /
16
17                                    **INTRODUCTION**
18       Petitioner Jimmy Mejia is serving fifteen years to life in California state prison. In his
19  petition for a writ of habeas corpus and the accompanying memorandum, he has stated valid
20  claims under 28 U.S.C. 2254. The government is **ORDERED TO ANSWER** the petition.
21                                     **STATEMENT**
22       Petitioner was convicted in Superior Court for second-degree murder. He had just made
23  an aborted attempt to rob a purported drug dealer when the dealer confronted him. His sentence
24  was enhanced due to the use of a firearm. In 2005, the Board of Parole Hearings found him
25  unsuitable for parole. It was his sixth parole hearing. In a petition to Superior Court, Mr. Mejia
26  challenged the 2005 decision denying him parole. The court denied his petition. It is that court
27  order Mr. Mejia challenges.
28

**ANALYSIS**

**1.    STANDARD OF REVIEW.**

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he or she is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**2.    PETITIONER'S LEGAL CLAIMS.**

Petitioner argues that his due-process rights were violated because the Superior Court upheld the finding that Mr. Mejia was unsuitable for parole due to his history of violence. Petitioner claims that his last violence or prison misconduct was 19 years before the board's decision not to release him. He contends that the state cannot use such old facts to deny him parole repeatedly. He argues that such state action violates the Due Process Clause. In addition, he claims he was promised as part of his plea bargain to be released on parole. Petitioner states valid claims. The state therefore must answer.

**CONCLUSION**

The **CLERK IMMEDIATELY SHALL SERVE** respondent's counsel with a copy of the petition and memorandum of points and authorities, all attachments to it, the request to file exhibits manually and this order. **RESPONDENT SHALL FILE AND SERVE UPON PETITIONER, BY SEPTEMBER 8, 2006, AN ANSWER** conforming to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed. If

1  petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE COURT AND**
2  **SERVE IT UPON RESPONDENT WITHIN THIRTY DAYS OF SERVICE OF THE ANSWER**.

4      **IT IS SO ORDERED.**

6  Dated: July 6, 2006

        WILLIAM ALSUP
        UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California